NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 7, 2010[*]
Decided October 12, 2010

### Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| **No**. 10-1964 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | No. 03 CR 126 – 1,2 Ruben Castillo, *Judge*. |
| ROSS A. CAPUTO and ROBERT M. RILEY, *Defendants-Appellants*. | |

**Order**

Well after the trial ended, the prosecutor informed Ross Caputo and Robert Riley that Shayne Gad, one of the witnesses, had committed perjury by falsely claiming military experience and decorations. The witness's testimony did not involve his military service (he testified as a toxicologist), but the false claim of extra credentials may have made him more believable in the jurors' eyes. Caputo and Riley then filed a motion for a new trial. The district judge denied this motion, remarking that even if the witness had never testified, the jury's verdict could not have been affected.

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

The principal argument on appeal is that the district judge used the wrong standard by asking whether there was a "reasonable probability" that Gad's lies about his military service affected the verdict. The proper inquiry, appellants contend, is whether there was "some likelihood" that truthful testimony would have changed the verdict. We need not decide which standard should have been used, because the district judge sensibly concluded that there was *no* chance of an effect.

Defendants were charged with lying to the Food and Drug Administration and selling a misbranded medical device. Our opinion affirming their convictions provides details. *United States v. Caputo*, 517 F.3d 935 (7th Cir. 2008). In addition to denying the charges made in the indictment, defendants offered what they called a "good-faith defense": that they honestly believed that the device was safe for the uses they promoted. The prosecutor asked the district judge to rule out this line of evidence and argument, contending that good faith is not a defense to a charge of fraud. The judge allowed defendants to present this defense. Gad testified in rebuttal, in an effort to show that defendants could not reasonably have held the belief they claimed to have held.

On appeal, defendants contended that the jury instructions on this "good-faith defense" favored the prosecutor unduly. We rejected that argument on the ground that "good faith" is not a defense to fraud, and that the district judge erred by submitting this question to the jury in the first place. 517 F.3d at 942. Since Gad's testimony was relevant only to a defense that should not have been allowed, the overstatement of his credentials is not a reason to hold a new trial.

Defendants observe that the defense was allowed in fact, and they insist that, if the jurors had known the truth about Gad's background (or if he had not testified), they might have voted to acquit on at least some counts. But no defendant is entitled to a better shot at talking jurors (or judges) into making a legal error. See, e.g., *Lockhart v. Fretwell*, 506 U.S. 364 (1993). No litigant has a vested right to hold onto the benefits of an error. Yet Caputo and Riley not only want to hold onto the benefits of the error but also seek to increase them, using the unduly favorable decision at the trial as a fulcrum for obtaining an acquittal at a second trial. Had this case been properly handled at trial, "good faith" would not have been an issue and Gad would not have testified. It would be pointless to hold a second trial at which good faith will not be allowed as a defense, and neither Gad nor any substitute will testify.

AFFIRMED